308 Ga. 574
FINAL COPY

S20A0819.  HOWARD v. THE STATE.

BLACKWELL, Justice.

Kenneth Howard was tried by a Richmond County jury and convicted of the murder of Emily Ann Smith Newbegin. Howard appeals, contending that the evidence is legally insufficient to sustain his conviction. Upon our review of the record and briefs, we see no merit in this claim of error, and we affirm.[1]

Viewed in the light most favorable to the verdict, the evidence shows that Howard, Newbegin, and another man were smoking crack cocaine at a Richmond County mobile home park on the

---

[1] Newbegin was killed in October 2014. A Richmond County grand jury indicted Howard in January 2015, and the grand jury returned a superseding indictment in February 2016, charging Howard with murder with malice aforethought and felony murder predicated on aggravated assault. Howard was tried later in February 2016, and the jury found him guilty on both counts. The trial court sentenced Howard to imprisonment for life without the possibility of parole for malice murder, and the verdict as to felony murder was vacated by operation of law. Howard filed a motion for new trial in March 2016, and he filed an amended motion for new trial in November 2019. The trial court denied the motion later that month. Howard timely appealed, and this case was docketed to the April 2020 term and submitted for decision on the briefs.

evening of October 19, 2014. When Newbegin said that she wanted to get some more cocaine, Howard called Marcus Walker, a resident of the mobile home park. Howard told Walker that, if Walker bought cocaine for Newbegin, she would have sex with him. Howard and Newbegin met Walker, and after they procured a three-pack of condoms in gold wrappers, they all drove to Walker's mobile home. Howard waited outside, and Newbegin and Walker went inside and had sex. When they finished, Walker gave one of the gold-wrapped condoms to Howard, and Walker, Howard, and Newbegin drove to a house, where they bought cocaine for Newbegin. Walker then dropped off Howard and Newbegin at Howard's mobile home.

Early on the afternoon of October 20, one of Howard's neighbors heard water running in a nearby mobile home that had been unoccupied for six months, and the neighbor observed water running out of the mobile home. Later that same afternoon, another neighbor saw Howard come out of the unoccupied mobile home with a black trashcan, shut the door, and walk away. That evening, the owner of the unoccupied mobile home arrived and found the front

door unlocked, opened the door and saw blood inside, and called law enforcement.

When officers arrived at the unoccupied mobile home, they observed blood on the walls, ceiling, and furniture. Bloody drag marks led officers to a bathroom, where they found Newbegin's body submerged in a bathtub full of water. She had sustained multiple blunt force and puncture wounds. Also in the unoccupied mobile home, officers recovered a glass pipe used to smoke cocaine and a gold condom wrapper. In addition, they noted a bloody shoeprint on the floor.

After obtaining a search warrant, the officers searched Howard's mobile home and recovered a jacket and an axe, both of which tested positive for blood. They also found a pair of bloody shoes in a size that fit Howard, and the sole of one of the shoes matched the bloody shoeprint at the unoccupied mobile home. Subsequent DNA testing matched the blood on the jacket, axe blade, and shoes to Newbegin.

The medical examiner performed an autopsy and observed that

Newbegin had sustained multiple blunt force injuries and lacerated "chop" injuries (akin to those inflicted by a cleaver or an axe) to her head, which caused severe injuries to her brain. The medical examiner concluded that the injuries to her head would have made it difficult for Newbegin to balance, walk, or even crawl and would have been "predominately incapacitating," though they would not have killed her instantly. The medical examiner also noted several other blunt force injuries to various other parts of her body. He concluded that Newbegin died from blunt force trauma and drowning due to assault.

Investigators interviewed Howard on October 20. At first, he claimed that he went to the unoccupied mobile home simply to tell its owner that the water was running, but he found that the door was locked, so he returned home without entering the premises. Two days later, Howard spoke with investigators again and told them that he had taken Newbegin to the unoccupied mobile home on the night of October 19. He claimed that she was agitated from smoking cocaine, and that at some point during their time together, he felt

something behind him and heard something click "like a razor slide." He turned around, he said, and "it just went haywire." He fought with Newbegin, during which time he struck her with an axe "three or four times." Howard explained that he then dragged her to the bathroom and told her to "clean herself up," ran water over her face and cut the water off, and then left and went to his own mobile home.

Howard argues that the State failed to prove his guilt beyond a reasonable doubt. In particular, he argues that the State failed to show that he had the requisite intent for malice murder because, he says, the evidence shows instead that Newbegin's death was unintentional and the result of provocation. We disagree. A conviction for malice murder does not require a showing that the murder was premeditated or based on a preconceived intent to kill, insofar as "malice aforethought can be formed instantly." Kemp v. State, 303 Ga. 385, 388 (1) (a) (810 SE2d 515) (2018) (citation and punctuation omitted). Moreover, the issue of "[w]hether a killing is intentional and malicious is for the jury to determine from all the facts and circumstances." Id. (citation and punctuation omitted).

The evidence shows that Howard was with Newbegin on the night of her death, and forensic evidence indicated that she was assaulted multiple times with a blunt force object, dragged to the bathtub, and drowned. Furthermore, an eyewitness testified that he saw Howard leave the crime scene the next day. Moreover, blood found on the jacket, axe, and shoes in Howard's mobile home matched Newbegin, and the medical examiner confirmed that Newbegin had sustained multiple chopping injuries to her head, likely from an axe. Finally, in his second interview with law enforcement officers, Howard admitted to striking Newbegin multiple times with the axe. Although he claimed in that interview that his actions were provoked, the jury was free to disbelieve him and to instead determine that he murdered Newbegin with malice aforethought. The State presented sufficient evidence from which the jury could infer malice.

The evidence presented at trial was sufficient as a matter of constitutional due process to authorize a rational jury to find beyond a reasonable doubt that Howard was guilty of the crime of malice

murder. See <u>Jackson v. Virginia</u>, 443 U. S. 307, 319 (III) (B) (99 SCt

2781, 61 LE2d 560) (1979).

    <u>Judgment affirmed. All the Justices concur.</u>


DECIDED APRIL 20, 2020.
Murder. Richmond Superior Court. Before Judge Craig.
*Debra K. Jefferson*, for appellant.
*Natalie S. Paine, District Attorney, Joshua B. Smith, Assistant District Attorney; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Michael A. Oldham, Assistant Attorney General*, for appellee.